JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHERRY JONES as Mother of DANTE LAMAR EDMONDS, Deceased

### DEFENDANTS
XPO LOGISTICS FREIGHT, INC.

**(b)** County of Residence of First Listed Plaintiff: **Shelby County, TN**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Washtenaw County, MI**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dedrick Brittenum, Jr. and Marcus D. Ward, Brittenum Law, Pllc, 3385 Airways Boulevard, Suite 229, Memphis, TN 38116 (901) 347-3978

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Pla's son's vehicle crashed into Def's vehicle when Def pulled in front of him. Pla's son was killed in the MVA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Hon. Mark Norris
DOCKET NUMBER: 2:18-cv-02254

DATE: 02/20/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Marcus D. Ward

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| SHERRY JONES, as Mother of DANTE' LAMAR EDMONDS, Deceased,<br><br>Plaintiff,<br>vs.<br><br><br><br>ULYSESS ACKERSON and XPO LOGISTICS FREIGHT, INC., a Tennessee for-profit corporation,<br><br>Defendants. | Case NO. _____<br><br><br><br><br><br>Related Case No. 2:18-cv-02254-JTF-dkv |

**COMPLAINT FOR DAMAGES**

    **COMES NOW** the Plaintiff SHERRY JONES, individually as mother of DANTE' LAMAR EDMONDS, deceased, by and through the undersigned counsel of record, and brings this action against Defendants for wrongful death pursuant to Tenn. Code Ann. § 20-5-106, et sec. Plaintiff contends this matter is related to the above referenced case number. In furtherance of the position of Plaintiff, she has filed a Motion to Intervene in that case. In support of subject Complaint, Plaintiff states the following:

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. Section 1332 because the parties are citizens of different states and the amount in controversy exceeds

$75,000.00.

2. This Court has jurisdiction of supplemental state law claims pursuant to 28 U.S.C. Section 1367.

3. Plaintiff, Sherry Jones, is currently a resident citizen of Shelby County, Tennessee. Plaintiff is the natural mother of the Deceased and is married to her husband, Brian Jones. From the moment of his birth and untimely death at age 34, Plaintiff maintained a strong loving, spiritual, nurturing companionship and relationship with her son, the Deceased. The bond became even stronger after the violent death in recent years of another son of Plaintiff leaving Plaintiff without a living child. Plaintiff and the Deceased talked with each other daily and visited with each other regularly. As mother, Plaintiff was an active adviser, confident and counselor for her son, the Deceased.

4. Dante' Lamar Edmonds, the Deceased, was a resident citizen of Memphis and Shelby County, Tennessee with a Memphis address of 3097 Autumnwood Avenue, Apartment #15, Memphis, Tennessee 38115-0703. All personal and business mail of the Deceased was received at this address where he lived with his grandmother.

5. Defendant Ulysess Ackerson ("Ackerson") is a current resident citizen of Shelby County, Tennessee with a Memphis address of 4871 Ortie Drive, Memphis, Tennessee 38109-6549. Ackerson is the named driver on the Memphis Police Department Incident Report of the vehicle owned by XPO as found in the same report.

6. Upon information and belief, Defendant XPO Logistics Freight, Inc. ("XPO, Inc."), USDOT Number 241829, is a foreign corporation doing business in Tennessee with a principal office address as 2211 Old Earhart Road, Ann Arbor, Michigan 48105-2751, another principal office address being 5165 Emerald Parkway, Dublin, OH 43017-1063 and maintains a

local office at 3955 East Shelby Drive, Memphis, Tennessee 38118. Defendant XPO, Inc. is registered with the Tennessee Secretary of State with its registered agent in Tennessee being Registered Agent Solutions, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051 and Registered Agents Solutions, Inc., 2285 South Michigan Road, P.O. Box 266, Eaton Rapids, Michigan 48827.

7.  The cause of action by Plaintiff arises in tort from the negligence of Defendant Ackerson in his failure to yield coming from a private drive and failure to yield, resulting in death at the intersection of East Shelby Drive and the XPO, Inc. private drive located at 3955 East Shelby Drive in Memphis, Shelby County, Tennessee, that resulted in a horrific collision in which Deceased was killed as a result of the impact. Plaintiff alleges that Defendant Ackerson is employed by defendant XPO, Inc., the owner and operator of the XPO, Inc. tractor trailer vehicle. Thus, this wrongful death action by Plaintiff.

## FACTS

8.  Plaintiff adopts and restates the factual allegations at page 3 contained in the complaint filed as Case No. 2:18-cv-02254-JTF-dkv (copy attached as Exhibit "A".

9.  As a result of the collision, the Deceased died on the scene.

## ACTS OF NEGLIGENCE

10. Plaintiff alleges that Defendant Ackerson is guilty of the following acts of common law negligence in the operation of the tractor-trailer involved in the collision and that one or more said acts of negligence was the direct and proximate cause of the death of Deceased, to wit:

Plaintiff adopts and restates the negligence causes of action at page 4 contained in the complaint filed as Case No. 2:18-cv-02254-JTF-dkv (copy attached as Exhibit "A").

11. At all times and places described in this Complaint, the following ordinances of the City of Memphis were in full force and effect:

Plaintiff adopts and restates the Memphis City Ordinances listed at pages 5,6,7 and 8 contained in the complaint filed as Case No. 2:18-cv-02254-JTF-dkv (copy attached as Exhibit "A").

Defendant Ackerson is guilty of violating one or more of the above-cited ordinances, and such violations, taken together or separately, constitute negligence per se.

12. At all times and places described in this Complaint, the following statutes of the State of Tennessee were in full force and effect:

Plaintiff adopts and restates the State of Tennessee Statutes listed at pages 8 contained in the complaint filed as Case No. 2:18-cv-02254-JTF-dkv (copy attached as Exhibit "A").

Defendant Ackerson is guilty of violating one, more, or all of the above-cited statutes, and such violations, taken together or separately, constitute negligence per se.

13. As a direct and proximate result of Defendant's negligence, recklessness, and negligence per se, The Deceased, son of Plaintiff, sustained a violent death with no opportunity for medical attention. As a result of the fatal injuries inflicted upon him, Deceased died on 21 February 2018, after having suffered great physical and mental pain, for which Defendants are liable to Plaintiff as the grieving mother.

14. Defendant XPO, Inc. is liable to Plaintiff under the theory of respondeat superior because Defendant Ackerson is an employee of XPO, Inc. and the negligent actions of Ackerson were committed within the scope of his employment.

## INJURIES AND DAMAGES

15. As a further result of the violent death suffered by Plaintiff's son, Plaintiff has endured physical and mental anguish/ suffering and incurred substantial necessary expenses, for which Defendants are liable.

16. Also, as a direct and proximate result of negligence by Defendants, Plaintiff has lost and will continue to lose consortium in the form of affections, comfort, society, support, services, companionship and most of all, the love of her deceased son.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the amount of $500,000.00 for compensatory damages and $1,000,000.00 in punitive damages, together with the costs of this action. Plaintiff additionally prays for any other relief to which the court or jury may find the Plaintiff entitled for her loss. Further, Plaintiff respectfully prays for a trial by jury.

**Respectfully submitted,**

Dedrick Brittenum, Jr. (#9905)
Marcus D. Ward (#19192)
Brittenum Law. PLLC
3385 Airways Blvd, Suite #229
Memphis, TN 38116
(901) 347-3978 Office
(901) 292-8649 Cell
(901) 800-1827 Facsimile

Email: db@brittenumlaw.com,
mward@brittenumlaw.com,
Counsel for Plaintiff - Intervenor Sherry Jones


Willie E. Gary, (FL Bar No. 187843)
Larry A. Strauss, (FL Bar No. 0654671)
Gary, Williams, Parenti. Watson & Gary. PLLC
221 S.E. Osceola Street
Stuart, FL 34994
(772) 283-8260 Phone
(772) 220-3343 Facsimile
Email: dpk@williegary.com, larry@williegary.com
vs@williegary.com
Counsel for Plaintiff - Sherry Jones
Pro Hac Vice Application Planned


**CERTIFICATE OF SERVICE**

We, the undersigned counsel, do hereby certify that on **February 20**, **2019** I or my authorized designee electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will in turn send a *Notice of Electronic Filing* and copy of the foregoing to those listed below.

**Electronic Mail Notice List**:
- Brooks E. Kostakis, Esq., bkostakis@boylebrasher.com
- Aaron Anthony Neglia, Esq., neglia@hornwells.com
- Stephanie Camille Reifers, Esq., creifers@boylebrasher.com
- Murray B. Wells, Esq., wells@hgwlaw.com


*s//: Marcus Ward*
Dedrick Brittenum, Jr.
Marcus D. Ward

*Exhibit 'A'*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| RAVEN EDMONDS, as Spouse of DANTE' LAMAR EDMONDS, Deceased, and RAVEN EDMONDS, as Legal and Natural Guardian of K.M.E., a minor and daughter of DANTE' LAMAR EDMONDS, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>Defendant. | Case No.: _____<br><br>JURY DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiffs, RAVEN EDMONDS, as Spouse of DANTE' LAMAR EDMONDS, Deceased, and RAVEN EDMONDS, as Legal and Natural Guardian of K.M.E., a minor and only child and daughter of DANTE' LAMAR EDMONDS, Deceased ("Plaintiffs"), by and through their counsel of record, **Horne & Wells, PLLC**, and for this Complaint against the Defendant, XPO LOGISTICS FREIGHT, INC. ("Defendant XPO"), states as follows:

### JURISDICTION

1. Plaintiffs are residents of Memphis, Shelby County, Tennessee.

2. The Tennessee Wrongful Death Statutes at Tennessee Code Annotated, Section 20-5-106 and 20-5-107 set forth a hierarchy as to the individual or representative that has the priority to prosecute a wrongful death action on behalf of the decedent because multiple actions may not be brought to resolve a single wrongful death claim. The decedent's surviving spouse has the

superior priority above all others to file a wrongful death action and control the litigation. Second priority belongs to the child of the deceased or if a minor, the legal guardian of the minor child.

3. Upon information and belief, Dante' Lamar Edmonds, Deceased was a resident of Memphis, Shelby County, Tennessee and his last known residence was 5240 Johns River Road, Memphis, Shelby County, Tennessee.

4. Upon information and belief, Defendant XPO, USDOT Number 241829, is a foreign corporation authorized to do business in the State of Tennessee and otherwise conducting business within the State of Tennessee.

5. Upon information and belief, Defendant XPO's principal place of business address is 2211 Old Earhart Road, Ann Arbor, Michigan, 48105-2751.

6. Upon information and belief, Defendant XPO may be served with process at the address of its Registered Agent, REGISTERED AGENTS SOLUTIONS, INC., 2285 S. Michigan Road, P.O. Box 266, Eaton Rapids, Michigan 48827.

7. Upon information and belief, Ulysses Ackerson was a driver of Defendant XPO at all times relevant to this action and acted exclusively as an employee and/or agent of Defendant XPO.

8. This cause of action arises in tort for the Wrongful Death of Dante' Lamar Edmonds in a Tractor Trailer versus automobile collision that occurred in Memphis, Shelby County, Tennessee.

9. Said accident is the subject matter of this cause of accident, and Defendant XPO is subject to the jurisdiction and venue of this Honorable Court.

## FACTS

10. On or about February 21, 2018, Dante' Lamar Edmonds was driving and lawfully operating a 1996 Chevrolet Suburban eastbound on Shelby Drive, Memphis, Shelby County, Tennessee.

11. On the same date and time, Ulysses Ackerson, an employee and/or agent of Defendant XPO, while in the scope and course of his employment with Defendant XPO, was driving and operating a 2018 Freightliner Tractor Trailer attempting to turn westbound onto Shelby Drive, Memphis, Shelby County, Tennessee from the private drive of XPO Logistics located at 3955 E. Shelby Drive, Memphis, Tennessee 38118.

12. Ulysses Ackerson, an employee and/or agent of Defendant XPO, failed to exercise due care interference to the laws of the State of Tennessee and in so doing violently caused Dante' Lamar Edmonds', Deceased, vehicle to strike the driver side of Defendants' Trailer.

13. Ulysses Ackerson, an employee and/or agent of Defendant XPO, was cited and arrested for Failure To Yield with Serious Bodily Injury/Death and Vehicle Improperly Entering Highway from Private Road or Driveway by the investigating Memphis Police Department's officers at the scene.

14. As a direct and proximate result of Defendant's willful, reckless, and/or negligent acts and omissions, Plaintiffs sustained serious, painful, and permanent injuries including death and other damages as more particularly described herein.

15. All actions taken by Ulysses Ackerson complained herein were within the scope and course of his employment.

16. Ulysses Ackerson was acting as an employee and/or agent for Defendant XPO at

all times relevant to this action.

17. Defendant XPO is legally responsible for all of the actions of its employee/agent Ulysses Ackerson with respect to the acts complained of.

## COUNT 1: NEGLIGENCE

18. Plaintiffs charge and allege that Ulysses Ackerson, an employee and/or agent of Defendant XPO, was guilty of the following acts of common law negligence, each and every one of which being a direct and proximate cause of the Plaintiffs' injuries and damages, to wit:

   a. Negligently and/or recklessly failing to exercise that degree of care and caution required of a reasonable and prudent person under the same or similar circumstances;

   b. Negligently and/or recklessly failing to maintain proper control of a vehicle;

   c. Negligently and/or recklessly failing to maintain a proper lookout;

   d. Negligently and/or recklessly failing to avoid the occurrence of the collision when Defendant knew or in the exercise of ordinary reasonable care should have known that continuing in the same line of travel would result in a collision causing injuries and damages;

   e. Negligently and/or recklessly failing to devote full time and attention to the operation of her vehicle;

   f. Negligently and/or recklessly failing to drive an automobile with due regard for the safety of all other persons on the roadway.

   g. Negligently and/or recklessly operating a vehicle in an improper manner on the roadway;

   h. Negligently and/or recklessly failing to exercise ordinary and reasonable care to avoid said collision; and

   i. Gross negligence in the careless, reckless, unlawful, and willfully negligent operation of a vehicle with complete indifference to the consequences and needless disregard for the rights and safety of Plaintiff.

## COUNT 2:    *NEGLIGENCE PER SE*

19.     Plaintiffs further alleges that at the time of the collision in question, the following City Ordinances and statutes of the State of Tennessee were in full force and effect and were violated by Ulysses Ackerson, an employee and/or agent of Defendant XPO, with each and every such act constituting a direct and a proximate cause of Plaintiffs' injuries and damages, to wit:

### MEMPHIS CITY ORDINANCES

**Section 11-16-2**        **Duty to devote full time and attention to operating a vehicle**

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under then existing circumstances, endangers life, limb or property.

**Section 11-16-3**        **Duty to drive at safe speed, maintain lookout and keep vehicle under control.**

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
   A.    Operate his or her vehicle at a safe speed;
   B.    Maintain a safe lookout;
   C.    Use due care to keep his or her vehicle under control.

**Section 11-16-4.**       **Driving when view or control obstructed.**

   A.    No person shall drive a vehicle when it is so loaded, or when there are in the front seat such number of persons, exceeding four, as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle.

**Section 11-16-6**        **Pulling away from curb.**

No vehicle shall be pulled out or backed from a curb into traffic until such movement may be made without danger to persons or property, and all vehicles proceeding in a street shall have the right-of-way over all vehicles pulling from a curb into traffic.

5

Section 11-16-7    **Emerging from or entering alley, private driveway or building.**

The driver of a vehicle entering into a street, either from an alley or from a private road, driveway or building, shall yield the right-of-way to all pedestrians on a sidewalk crossing such alley or driveway and to all vehicles approaching on such street, and it shall be the duty of the driver of every vehicle so entering a street to bring his or her vehicle to a stop and not enter therein until same may be done with safety and without danger to others using the street, and he or she shall proceed with caution. The driver of any vehicle leaving a street to enter an alley, private driveway or building, shall likewise yield the right-of-way to all pedestrians in any sidewalk crossing such alley or driveway, and when such driver is making a left turn into an alley, private driveway or building, such driver shall yield the right-of-way to all vehicles approaching from the opposite direction.

Section 11-16-14    **Driving on roadways laned for traffic.**

Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

    A.    A vehicle shall be driven entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety.

Section 11-16-24    **Right-of-way at uncontrolled intersections.**

The driver of a vehicle approaching an intersection not controlled by a traffic sign or signal shall yield the right-of-way to a vehicle which has entered the intersection from a different street. When two vehicles enter an uncontrolled intersection from different streets at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the driver of the vehicle on the right.

Section 11-16-26    **Stop intersections.**

A. Conduct generally.
    1. When official stop signs are erected at or near the entrance to any intersection, every driver of a vehicle approaching a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection except when directed to proceed by a police officer or traffic-control signal.
    2. Every driver who has stopped his or her vehicle at a stop sign in compliance with this section shall remain stopped and shall not proceed into or through the intersecting street until such movement can be made in safety. Such driver shall

yield the right-of-way to all vehicles moving in a lawful manner upon the intersecting street.

**Section 11-16-28**          <u>**Turning movements generally.**</u>

A. No person shall turn a vehicle at an intersection, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

B. The driver of a vehicle intending to turn at an intersection shall do so as follows:

1. Right turns. Except as otherwise indicated by directional markings placed in conformity with provisions of this title, both the approach for a right turn and right turn shall be made as close as practicable to the right-hand curb or edge of the street.

2. Left turns on two-way roadways. At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center lane thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable, the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

3. Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle and after entering the intersection, the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered.

C. The driver of any truck, bus or any large vehicle which cannot comply with the foregoing provisions due to the size of the vehicle may use such additional portions of the street or roadway as may be necessary for a right turn; provided, however, that, the driver of such vehicle, before making such turn, shall first determine that this movement may be made in safety.

**Section 11-16-37**          <u>**Right-of-way when vehicle turning left at intersection.**</u>

The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching in the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn.

7

    **Section 11-16-44**        **Reckless Driving.**

Any person who drives any vehicle in willful or wanton disregard for the safety of person or property is guilty of reckless driving.

### LAWS OF THE STATE OF TENNESSEE

| | |
|---|---|
| T.C.A. § 55-8-103 | **Required obedience to traffic laws Penalty** |
| T.C.A. § 55-8-123 | **Driving on roadways laned for traffic** |
| T.C.A. § 55-8-128 | **Vehicle approaching or entering intersection** |
| T.C.A. § 55-8-129 | **Vehicle turning left at intersection** |
| T.C.A. § 55-8-130 | **Vehicle entering through highway or stop intersection** |
| T.C.A. § 55-8-131 | **Vehicle entering highway from private road or driveway** |
| T.C.A. § 55-8-136 | **Driver to exercise Due Care** |
| T.C.A. § 55-8-150 | **Emerging from alley, driveway or building** |
| T.C.A. § 55-8-197 | **Failure to yield right of way** |
| T.C.A. § 55-10-205 | **Reckless Driving.** |

20.    Ulysses Ackerson, an employee and/or agent of Defendant XPO, violations of the above-referenced Memphis City ordinances and the laws of the State of Tennessee constitute *negligence per se* in that Plaintiffs were among the class sought to be protected by the specified legislation and said *negligence per se* is a direct and proximate cause of the collision at issue and Plaintiffs' resulting injuries and damages.

## COUNT 3:   RESPONDENT SUPERIOR/NEGLIGENT ENTRUSTMENT

21.   Plaintiffs charge and allege that Defendant XPO is liable to Plaintiffs under the common-law and statutory theories of *respondent superior* in that at all time pertinent to this complaint Ulysses Ackerson, an employee and/or agent of Defendant XPO, was acting for and on behalf of Defendant XPO. Alternatively, Defendant XPO negligently entrusted the use of a vehicle to Ulysses Ackerson, an employee and/or agent of Defendant XPO, That Defendant XPO knew or in the exercise of due diligence should have known of Ulysses Ackerson's, an employee and/or agent of Defendant XPO, propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner; that Defendant XPO is liable to Plaintiffs for all damages proximately caused by the above described acts of negligence and *negligence per se.*

## INJURIES

22.   Plaintiffs allege that as a direct and proximate result of negligence on the part of the Defendant, Dante' Lamar Edmonds, Deceased, suffered severe, serious, painful, and permanent personal injuries including, but not limited to, the following:

   a.   Pain and suffering;

   b.   Fright and shock;

   c.   Wrongful Death;

   d.   Loss of enjoyment of life, past, present and future;

   e.   Loss of Consortium, past, present and future;

   f.   Loss of pecuniary benefits past, present and future;

   g.   Funeral Expenses;

   g.   Damages pursuant to the Wrongful Death Act for his heirs at law, and for

all of the harms and losses suffered by these individuals and provided for by Federal and Tennessee Law, including, but not limited to their loss of support, services, companionship, consortium and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays:

1. That proper process issue against the Defendant requiring them to plead and answer.

2. That Plaintiffs, RAVEN EDMONDS, as Spouse of DANTE' LAMAR EDMONDS, Deceased, and RAVEN EDMONDS, as Legal and Natural Guardian of K.M.E., a minor and daughter of DANTE' LAMAR EDMONDS, Deceased, be awarded a judgment against the Defendant in an amount not less than Twenty Million Dollars ($20,000,000.00) in actual and compensatory damages.

3. That Plaintiffs, RAVEN EDMONDS, as Spouse of DANTE' LAMAR EDMONDS, K.M.E., a minor and daughter of DANTE' LAMAR EDMONDS, Deceased, be awarded punitive damages in amount not less than Forty Million Dollars ($40,000,000.00) for Defendant's grossly negligent, reckless and/or willful acts and/or omissions in this case, where such actions caused actual damage to the Plaintiffs.

4. That Plaintiffs, RAVEN EDMONDS, as Spouse of DANTE' LAMAR EDMONDS, Deceased, and RAVEN EDMONDS, as Legal and Natural Guardian of K.M.E., a minor and daughter of DANTE' LAMAR EDMONDS, Deceased, be granted such other relief, general or specific, that this Honorable Court deems equitable and just.

5. That the costs of this action be awarded to Plaintiffs.

6. That a jury of the Plaintiffs' peers be empaneled to try these issues when joined.

7. That Plaintiffs reserve the right to amend these pleadings to conform to the facts

of this matter.

                Respectfully Submitted,

                **HORNE & WELLS, PLLC**

                s//: Aaron A. Neglia_____
                MURRAY B. WELLS (BPR# 021749)
                AARON A. NEGLIA (BPR# 033816)
                Attorneys for Plaintiffs
                81 Monroe Avenue – Suite 400
                Memphis, TN 38103
                PHONE:      (901) 507-2521
                FACSIMILE: (901) 507-1791
                EMAIL:       wells@hornewells.com
                EMAIL:       neglia@hornewells.com